UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           MEMORANDUM & ORDER
           18-CR-204 (NGG)

-against-

KEITH RANIERE,

      Defendant.

NICHOLAS G. GARAUFIS, United States District Judge.

On June 19, 2019, Defendant Keith Raniere was convicted of racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. (*See* Jury Verdict (Dkt. 735); Judgment (Dkt. 969) at 1-2.) Now before the court is Mr. Raniere's third motion for a new trial premised on what he argues is newly discovered evidence relating to two of the eleven predicate acts supporting his racketeering conviction. (*See* Not. of Mot. (Dkt. 1168); Mem. of Law in Support of Mot. for Rule 33 Relief ("Mot.") (Dkt. 1169); Suppl. to Mot. (Dkt. 1176); *see also* Mem. and Order dated July 17, 2020 (Dkt. 902) ("First Rule 33 M&O") (denying Defendant's first Rule 33 motion); Mem. and Order dated October 23, 2020 (Dkt. 963) ("Second Rule 33 M&O") (denying Defendant's second Rule 33 motion).)[1]

---

[1] In addition to this third Rule 33 motion, Mr. Raniere filed a *pro se* fourth new trial motion on June 21, 2022. (*See* Pro Se Mot. (Dkt. 1178).) This motion raises the same issues previously considered by this court when denying Mr. Raniere's first two motions for a new trial relating to allegations of Government intimidation or perjury by key witnesses, which this court has previously rejected as bases to grant a new trial, as well as issues raised in the present motion which the court considers herein. Mr. Raniere's *pro se* motion is therefore also DENIED. (*See generally* First Rule 33

1

For the reasons discussed herein, Mr. Raniere's motion for a new trial is DENIED.[2]

## I. BACKGROUND

The court assumes familiarity with this case's background, which the court reviews only as relevant to the present motion.[3]

As the leader of NXIVM, Mr. Raniere engaged in criminal activities that led a jury to find him guilty of racketeering, racketeering conspiracy, forced labor conspiracy, wire fraud conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. (*See* Judgment at 1-2; *see also* Sentencing Mem. (Dkt. 966) at 9-18 (describing underlying criminal activity).) Mr. Raniere's racketeering charge was predicated on eleven acts, including child exploitation and possession of child pornography. (*See* Jury Verdict at 2-3.) The jury found that the Government proved each of these eleven predicate acts beyond a reasonable doubt. (*Id.*)

The child pornography and child exploitation predicate acts are the focus of this motion. These acts were added in the second superseding indictment returned by the grand jury in March 2019. (*See* Second Superseding Indictment (Dkt. 430) ¶¶ 21-23);

---

M&O (discussing purported perjury); Second Rule 33 M&O (discussing purported Government intimidation).)

[2] On April 19, 2024, Mr. Raniere filed a habeas petition which discusses some of the same underlying facts reviewed in his Rule 33 motion, but in the context of constitutional ineffective assistance of counsel claims. (*See* Habeas Petition (Dkt. 1252) at 27-42.) Because the habeas petition considers separate claims, the court finds that it is proper to consider the outstanding Rule 33 motion and the habeas petition separately. This order thus RESERVES DECISION on the outstanding habeas petition pending additional briefing from the parties.

[3] Much of the underlying facts relevant to this motion were recently reviewed when denying Mr. Raniere's request to compel evidence. (*See* Mem. and Order dated Nov. 6, 2023 (Dkt. 1224) at 1-3.)

2

*see also, generally,* Superseding Indictment (Dkt. 50).) Specifically, they were added after the Government discovered pornographic images depicting a minor in February 2019, while reviewing a previously seized hard drive (the "Western Digital hard drive"). (Gov Mem. of Law in Opposition to Rule 33 Mot. ("Opp.") (Dkt. 1213) at 4-5; *see also* Letter from Government dated February 21, 2019 (Dkt. 362) (noting discovery of child pornography images on the Western Digital hard drive).) The defense moved to dismiss or sever the newly added predicate acts (Defense Letter dated March 17, 2019 (Dkt. 436)), which this court denied. (Mem. and Order dated April 29, 2019 (Dkt. 600) at 31-32.)

The defense initially raised concerns about their ability to analyze the evidence relating to the newly added predicate acts prior to the start of the trial, which was then scheduled for April 29, 2019. (*See, e.g.,* Defense Letter dated March 17, 2019 at 2; March 18, 2019 Status Conference Tr. (Dkt. 467) at 20:11-24 (noting that jury selection was to begin on April 8, 2019, with the trial to begin on April 29, 2019).) However, in a filing dated March 22, 2019, Mr. Raniere represented that he was ready for trial "even though the government has superseded the indictment" and he "request[ed] that the Court keep the dates for the current trial schedule." (Defense Mem. dated March 22, 2019 (Dkt. 456-1) at 2-4.) Given the conflicting statements from Mr. Raniere's defense team, the Government sought to ensure that he was ready to proceed, after noting numerous times that it would consent to the trial's adjournment if necessary to allow his defense team time to conduct a forensic examination of the photographs and the photographs' metadata. (*See, e.g.,* Gov. Mem. of Law dated March 29, 2019 (Dkt. 485) at 6-10.)

The issue of a potential delay in the trial was then discussed at a status conference held on April 4, 2019, where the Government raised the defense's prior statements that Raniere may not be

3

ready for trial following the recent filing of the Second Superseding Indictment. (April 4, 2019 Status Conference Tr. (Dkt. 510) at 11:14-17.) The court therefore asked Mr. Raniere's defense counsel whether they could make an "affirmative statement that based on what's in the second superseding indictment . . . that [Mr. Raniere] will still be ready to go to trial." (*Id.* at 14:20-25.) Mr. Raniere's counsel responded saying that he will "be ready to go to trial." (*Id.* at 15:1-5.) Mr. Raniere's counsel also noted that the Government had been "very responsive" and accommodating in allowing the defense's forensic expert to visit the FBI to examine the relevant evidence. (*Id.* at 12:10-13:2, 15:1-5.) The trial then began on May 7, 2019. (*See* Dkt. 631.)

At trial, the Government introduced the photographs of the victim and metadata to prove the child pornography and child exploitation predicate acts. (Opp. at 19.) Further evidence proving that the pictures were from 2005 when the victim was fifteen years old included messages from the victim where she referenced her sexual relationship with Raniere beginning in 2005; communications from Mr. Raniere referencing the photos; testimony from the victim's sister that she was aware of the relationship prior to Fall 2006; a folder containing nude pictures of the other women with whom Mr. Raniere had a sexual relationship and in which the pictures of the victim were found; testimony that Mr. Raniere sought to take similar pictures of other women; the victim's medical records, which included statements indicating she was in a sexual relationship with the same partner since she was underage; and testimony from the victim's sister identifying the victim as the person in a sanitized version of the photos. (*Id.* at 19-20 (citing trial exhibits and the trial transcript).)

Mr. Raniere's counsel cross-examined FBI Senior Forensic Examiner Booth extensively about the photographic evidence, the

Western Digital hard drive, the camera card ("CF card"), the related metadata, and the chain of custody of the digital evidence. (June 13, 2019 Trial Tr. (Dkt. 979) at 4898:1-4947:4, 4962:8-4975:4, 4986:19-4988:21.) During his testimony, Booth acknowledged before the jury that the metadata was not reliable as to when the photos were taken (*id.* at 4940:13-15), that metadata could be changed or altered (*id.* at 4987:21-4988:12), and that he was unaware of who accessed the camera card on September 19, 2018 while it was in the FBI's possession. (*Id.* at 4973:19-25.)

The victim depicted in these photographs did not testify at trial, but she submitted a sworn declaration in response to this motion. (*See* Camila Decl. (Dkt. 1213-1).) In the declaration, the victim affirms that she reviewed each of the photographs at issue and that she is certain both that she is the subject of each photo and that she was 15 years old when the photos were taken. (*Id.* ¶¶ 5, 8.) She also affirms that Mr. Raniere began sexually abusing her in 2005, when she was 15 years old. (Camila Decl. ¶ 5; *see also* Camila Impact Statement (Dkt. 965-1) at 1.)

Following his conviction in June 2019, Mr. Raniere has filed multiple motions for a new trial pursuant to Fed. R. Crim. P. 33. (*See* Mot.; First Rule 33 M&O; Second Rule 33 M&O.) His first two were denied in July and October 2020. (First Rule 33 M&O; Second Rule 33 M&O.) The present motion was filed in May 2022. (*See* Mot.) The Government responded to this motion in July 2023 and Mr. Raniere filed his Reply on April 17, 2024.[4]

---

[4] The delay in briefing of the present motion largely resulted from stays while the court considered separate motions filed by the Defendant or his appeals of separate motions. The court also granted numerous requests by the defense for extension of time to submit Mr. Raniere's Reply. (*See* Mem. and Order dated March 6, 2024 (Dkt. 1238) at 6-7 (reviewing the delay in briefing the present motion).)

5

## II. LEGAL STANDARD

Rule 33 endows district courts with the authority to order a new trial "if the interest of justice so requires." Fed. R. Crim. Pro. 33. District court have "broad discretion to grant a new trial," but should grant such motions "sparingly and in the most extraordinary circumstances, and only in order to avert a perceived miscarriage of justice." *United States v. Gramins*, 939 F.3d 429, 444 (2d Cir. 2019).[5] In considering Rule 33 motions, the focus is "whether letting a guilty verdict stand would be a *manifest injustice*." *Id.*

Relief under Rule 33 based on newly discovered evidence may be granted only upon a showing that "(1) the evidence was newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Forbes*, 790 F.3d 403, 406-07 (2d Cir. 2015). The Second Circuit has "long held that to constitute newly discovered evidence, not only must the defendant show that the evidence was discovered after trial, but he must also demonstrate that the evidence could not with due diligence have been discovered before or during trial." *Id.* at 408-09. The court in conducting this analysis considers the balance between "protecting the finality of judgments and the interests of justice [] inherent in the Rule 33 analysis." *Id.* at 408.

## III. DISCUSSION

Mr. Raniere fails to demonstrate that justice requires a new trial, and the court therefore denies his motion.

---

[5] When quoting case law, except as otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

The basis for the Defendant's motion are allegations that the Government manipulated and fabricated "all the key evidence" used to prove the child pornography and child exploitation predicate acts. (Mot. at 3.) In his Reply, Mr. Raniere clarifies that he does not allege that the photos themselves were falsified, but instead only that the "files, timestamps, folders and metadata" associated with the pictures were fabricated. (Reply (Dkt. 1253) at 16-17.) This purported clarification is surprising because in the very first sentence of Mr. Raniere's memorandum in support of the present motion filed in May 2022, he states that "the government manufactured child pornography and planted it on a computer hard drive to tie it to him." (Mot. at 3.) And subsequent filings did not contradict this statement but instead reinforced it through broad statements such as: "the child pornography evidence was fabricated." (First Post-Conviction Mot. to Compel (Dkt. 1192) at 3-4.) His Reply therefore directly contradicts his prior representations about the photographic evidence at issue. Nevertheless, in light of his Reply's purported clarification, the court considers the digital evidence's "files, timestamps, folders, and metadata." (Reply at 17.)

The Defendant argues that the FBI falsified metadata on the digital camera card ("CF card") and Western Digital hard drive to fit the Government's narrative that the photographs were taken in 2005 when the victim was fifteen years old. (*See, e.g.*, Mot. at 12-13.) He further alleges that he did not have time to thoroughly examine the metadata evidence (Reply at 2), and that the Government covered up this manipulation by soliciting false testimony during trial. (Mot. at 19-20.)

These allegations of data manipulation do not constitute newly discovered evidence under Rule 33, which requires the defendant to show that "the evidence was discovered after trial . . . [and]

that the evidence could not with due diligence have been discovered before or during trial." *Forbes*, 790 F.3d at 409. They are also contrary to the record.

In the leadup to trial and during trial, Mr. Raniere was made aware of the metadata evidence soon after the Government discovered the photographs on the Western Digital hard drive. (*See* Letter from Government dated February 21, 2019.) His defense then had an opportunity to test and challenge this evidence prior to trial, including by hiring a forensic expert who visited the FBI to review this evidence. His defense then had an opportunity to cross-examine the FBI Agent called by the Government to discuss the photos and their metadata. In this cross-examination, the Agent testified to the metadata and its ability to be altered. (June 13, 2019 Trial Tr. at 4987:21-4988:20.) The jury considered this evidence alongside other evidence presented at trial and convicted Mr. Raniere of these charges.

Raniere argues that even if his defense team was aware of the evidence, a new trial is warranted because there was not sufficient time for his experts to analyze the metadata. (Reply at 10.) But this post-trial argument is in conflict with Mr. Raniere's trial counsel clearly stating multiple times after the photographs were discovered and the new charges were added to his Second Superseding Indictment that he was ready for trial. (*Cf.* April 4, 2019 Status Conference Tr. at 15:1-5; Defense Mem. dated March 22, 2019 at 2-4.) The Government offered to adjourn the trial date on consent specifically to allow the defense to have more time to examine the evidence connected to his child pornography and exploitation charges, which he rejected. (*See* Gov. Mem. of Law dated March 29, 2019 at 6-10; April 4, 2019 Status Conference Tr. at 15:1-5.)

Mr. Raniere ultimately seeks to have a new trial to challenge evidence that he previously stated he was ready to challenge, that

8

he had the opportunity to challenge, and that he did in fact challenge during his trial. The jury found him guilty of the predicate acts at issue so he now attempts to manufacture "new evidence" he argues would lead to his acquittal to receive a second bite at the apple. These are not extraordinary circumstances where a new trial is necessary to prevent a manifest injustice.

Mr. Raniere separately argues that it was "impossible" to discover certain evidence relating to the metadata, specifically, the camera card and details of the chain of custody of the metadata. (Reply at 9-10.) In doing so, he seeks to distinguish the metadata evidence his defense indisputably had the opportunity to review and challenge—*i.e.*, the evidence found on the Western Digital hard drive—from other evidence connected to the metadata. (*Id.*) His argument is that if given the opportunity to examine this other source of the metadata, it would reveal the "tampering" on which his motion relies. (*Id.*) This argument fails. Mr. Raniere seeks to circumvent his defense's ability to inspect and challenge the photographs' metadata by distinguishing the evidence his defense reviewed from other pieces of evidence such as the CF card—which, to be clear, his defense was also aware of during trial (*see, e.g.*, June 13, 2019 Trial Tr. 4901:1-25, 4902:11-25, 4906:10-4907:4)—to argue that the evidence now in focus is both "newly discovered" and the "key evidence" that would prove his innocence. But the Defendant provides no persuasive argument that he could not have discovered this evidence with diligence, *see Forbes*, 790 F.3d at 409, or that the evidence now in focus demonstrates manipulation or falsification of metadata that would support an acquittal. Ultimately, as with his prior unsuccessful motion for a new trial, Mr. Raniere "does not point to a single case in which a court has recognized the kind of evidence he cites as the basis for his motion as 'newly discovered evidence' under Rule 33." (Second Rule 33 M&O at 7.)

9

The motion also fails because Mr. Raniere cannot demonstrate that the purported newly discovered evidence would result in acquittal or otherwise demonstrate that a new trial is necessary to prevent a manifest injustice. *Forbes*, 790 F.3d at 411. Mr. Raniere's primary support for his argument that the metadata was falsified are proffered expert reports submitted alongside his motion. (Reply at 3-4; *see also* Kiper Report (Dkt. 1169-1) at ECF 195-264); *see also* Dkt. 1178-2.) In response to these reports, the Government submitted a Declaration by David Loveall II, a Senior Computer Scientist with the FBI. (Loveall Decl. (Dkt. 1213-3).) This court previously considered the Defendant's and Government's reports when denying Mr. Raniere's motions to compel evidence. (*See* Mem. and Order dated Nov. 6, 2023 (Dkt. 1224) at 3-4, 9-10; Mem. and Order dated March 6, 2024 (Dkt. 1238) at 3-4.) In doing so, the court found that the Loveall Declaration "offers a far more plausible and convincing explanation of any anomalies in the photos' metadata" than the reports submitted by the Defendant, especially when considered alongside the "ample evidence presented at trial," *see supra*, and the victim's affidavit affirming that she was fifteen in the photographs. (Mem. and Order dated Nov. 6, 2023 at 9-10; Mem. and Order dated March 6, 2024 at 3-4.).) Mr. Raniere disagrees with the court's prior findings in his Reply. (Reply at 18-21.) But he provides no reason for the court to reconsider its prior determination that the evidence presented at trial, the Loveall report, and the affidavit submitted by the victim verifying her identity and age in the photos provide a far more plausible explanation for the discrepancy in the metadata than the Defendant. The court is confident that the evidence demonstrates Mr. Raniere's guilt as to these charges.

In sum, the court finds that the evidence is not newly discovered under Rule 33 and that, even if it was considered newly discovered, it would not "likely result in an acquittal." *Forbes*, 790 F.3d at 407. Justice does not require a new trial and the court denies

10

Mr. Raniere's Rule 33 motion.[6] *See United States v. Snyder*, 740 F. App'x 727, 728 (2d Cir. 2018) (summary order) ("A district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for a New Trial is DENIED and his request for an evidentiary hearing is DENIED as moot.

SO ORDERED.

Dated:   Brooklyn, New York
         April 29, 2024

                                            s/Nicholas G. Garaufis
                                            NICHOLAS G. GARAUFIS
                                            United States District Judge

---

[6] The court further finds that an evidentiary hearing is not necessary to decide the present motion. *See United States v. Ghavami*, 23 F. Supp. 3d 148, 157 (S.D.N.Y. 2014) ("Whether to hold an evidentiary hearing before deciding a motion for a new trial rests within the district court's discretion."); *see also United States v. Helmsley*, 985 F.2d 1202, 1209-10 (2d Cir. 1993) (district court may properly decline to hold hearing where "the moving papers themselves disclosed the inadequacies of the defendant['s] case").

11